CASE 58.—ACTION BY JAMES A. HOWARD AND OTHERS AGAINST W. A. HOWARD FOR A DIVISION OF CERTAIN LAND.—April 29, 1909.

## Howard v. Howard

Appeal from McLean Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiffs, defendant appeals.—Affirmed.

1. Trusts—Presumptions—Purchaser at Foreclosure Sale.— Where, after the sale of certain land, on foreclosure of a vendor's lien, to H., the original vendee continued in possession until his death in 1860, and his widow and children held the land thereafter without any claim on the part of the purchaser, it would be presumed that the purchaser held the land for decedent.

2. Judgment—Agreement—Conclusiveness.—Where, in a suit between plaintiff and defendant, judgment was entered by agreement, under which the land in controversy was conveyed to plaintiff, such judgment was conclusive, in favor of plaintiff's right to the land conveyed until opened or modified.

TAYLOR & CLARK for appellant.

Howard v. Howard.

We take the position that neither appellant nor appellees, at the time appellant located upon the land, had any title to it, but that appellant has acquired title by adverse possession since his discovery of the failure of the title in himself and appellees. If none of them have title to it, the court was not authorized to order a sale of it, and certainly not, if appellant is the owner of the whole title. So, in no state of case as disclosed by this record, was the court authorized to adjudge appellees joint owners with appellant or order a sale of the land, and a distribution of the proceeds.

For these reasons we think the judgment of the lower court should be reversed, and this case remanded with directions to dismiss appellees' petition, and enter a judgment adjudging appellant the owner of the land.

### AUTHORITIES CITED.

Cyc. Vol 23, page 283; Tucker v. Price, 17 R. page 11; Webber v. Gibson, 8 R. 125; McGill, etc. vs. Cromwell, Gad., etc., 5 R. 246; Greenhill v. Biggs, etc., 8 R. 825; 7 R. 587; Chenault v. Quissenberry, 21 R. 1771.

R. ALEXANDER attorney for appellees.

### LIST OF AUTHORITIES CITED.

Civil Code, section 490;. Civil Code, section 386; Meadows v. Goff, 90th, Ky. 540; Mount v. Tappey, 7th. Bush. 617; 14th, Ind. 118; 14th. Ohio 206; Mullican v. Mullican, 15th. Ky. Law Rep. 609; 16th Vol. Cyc., 686; Gaulbraugh v. Rouse, 31st. Ky. Law Rep. 1195; Central Coal and Iron Co., v. Walker's Ex'tx; 24th. Ky. Law Rep. 2191.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Alex A. Howard bought a tract of land in what is now McLean county in the year 1850, and resided on it until his death in 1860. He left surviving him a widow and four children, who continued to reside on the land until the year 1868, when the dwelling house burned. They then moved to another tract, where they lived, renting this farm, until 1877. The widow then returned to it, and lived there until 1882, when she married a man named Collier and went to Henderson, Ky. She then rented this tract to appellant. W. A. Howard, who was one of the four children of Alex Howard; he agreeing to pay her annually for the

use of the farm. One of the other children, a daughter, conveyed her fourth interest to her brother, appellee James O. Howard. In the year 1893 James O. Howard sold to W. A. Howard his half of the land for $400, subject to his mother's life interest. The mother died in the year 1904. In 1905 W. A. Howard filed a suit in the McLean circuit court against James O. Howard, alleging that he had been in adverse possession of the land for fifteen years, and praying that his title to it be quieted. James O. Howard filed an answer in which he set up the deed which he had made W. A. Howard and the notes for $400, which remained unpaid and asked that his lien be enforced. Before this case was tried, the court house burned, and, the papers not having been supplied, the action was dismissed without prejudice. James O. Howard then brought an action against W. A. Howard to recover on his notes and enforce his lien on the land. In this action W. A. Howard filed an answer, denying that he had accepted the deed from his brother, and alleging that he was the owner of the land by adverse possession. After this answer was filed, when the parties met to take depositions, it was agreed between them that the notes should be canceled, and that James O. Howard's half of the land should be conveyed back to him. At the next term of the court a judgment was entered pursuant to the agreement, and a deed was made pursuant to the judgment to James O. Howard for one-half of the land. He then instituted this action, under section 490 of the Civil Code of Practice, for a division of the land, asking that his half of it be cut off to him. W. A. Howard filed an answer, in which he set up the same defense as he had set up in the former action. Proof

was taken, and on final hearing the circuit court ad-judged the plaintiff, James O. Howard, the relief sought. W. A. Howard appeals.

It appears from the evidence that, when Alex How-ard in 1850 bought the land, there was a lien on it for the purchase money; that in a suit against him to fore-close the lien the land was ordered sold, and William H. Howard became the purchaser of the land, and a deed was made to him for it in 1853. Who William H. Howard was, or what was his relation to Alex Howard, does not appear; but it does appear that Alex Howard remained upon the land until his death and that his widow and children have held it ever since, without any claim on the part of William H. Howard to it. Under such circumstances it must be presumed that William H. Howard held the land for Alex Howard. The appellant, W. A. Howard, in no way connects himself with William H. Howard, who purchased the land in 1853. Besides, he entered on the land under his mother, and held it under her. He is bound by the judgment by which the deed was made to his brother, J. O. Howard. It is immaterial that that judgment was entered by agreement. An agreed judgment is as binding as any other judgment, unless it is opened in the manner provided by law. The proof shows clearly that the agreement was made between W. A. Howard and James O. Howard, and that the judgment was entered pursuant to their agreement. If there was any mistake about this, the court that entered the judgment may, in a proper pro-ceeding, grant relief by opening or modifying it, but until it is so opened or modified it is conclusive on W. A. Howard that his brother, James O. Howard, is the owner of one-half of the land.

Judgment affirmed.